**El Hakim Anat ISTIFAN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73129.

INS Nos. A78–761–432, A78–761–433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Dec. 29, 2003.

Douglas D. Nelson, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Erica A. Franklin, U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

### MEMORANDUM *

Sarmad Issa Yousif and his wife, El Hakim Anat Istifan, claim they fled Iraq because they were persecuted for being Chaldean Christians. Yousif also claims that he was imprisoned and beaten because he refused to join the Ba'ath party and the Ba'ath Party wrongly accused him of trying to kill a government official.[1] The immigration judge ("IJ") made an adverse credibility finding based on perceived inconsistencies in Yousif's testimony, and denied petitioners' claims for asylum, withholding of removal, and Convention Against Torture relief. The IJ also found petitioners' asylum applications frivolous. We reverse the IJ's adverse credibility and frivolousness findings and remand. Yousif does not argue to us that he is entitled to relief under the Convention Against Torture.

We have jurisdiction under 8 U.S.C. § 1252(b). Because the BIA adopted the findings of the IJ, we review the IJ's decision as the final agency decision. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). Credibility findings are reviewed for substantial evidence. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). "Under this 'extremely deferential' standard, [the court] 'must uphold the BIA's findings unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result.' " *Monjar-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Yousif is the lead petitioner; Istifan's applications for relief are derivative.

*az–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.) *amended by* 339 F.3d 1012 (9th Cir. 2003) (citation omitted). However, minor inconsistencies are not an appropriate basis for an adverse credibility finding. *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999); *see also Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998) (holding that "inconsistencies of less than substantial importance for which a plausible explanation is offered" cannot serve as the sole basis for an adverse credibility finding). A credibility finding must be based on specific, cogent reasons. *Alvarez–Santos*, 332 F.3d at 1254. "[W]hen the stated reasons for an adverse credibility finding are inadequate, this court will not find that an adverse credibility finding is supported by substantial evidence." *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988).

■ The IJ listed several reasons for finding Yousif's testimony incredible. However, upon careful review of Yousif's testimony, we conclude that the IJ rested the adverse credibility finding on portions of Yousif's testimony that were not at all inconsistent, or showed only minor inconsistencies. The IJ did not discredit Yousif's testimony that Yousif was beaten for refusing to join the Ba'ath party and assaulted on the street by police officers after they learned he was Christian. Nor do the minor inconsistencies cited by the IJ contradict Yousif's testimony that he was wrongfully accused of attempting to kill a Ba'ath party official in a car accident, and incarcerated and beaten as a result of that accusation. We therefore reverse the IJ's adverse credibility finding and conclude that Yousif was persecuted and has a well-founded fear of future persecution.

■ The IJ made an alternative finding about Yousif's eligibility for asylum: "This Court would also deny [Yousif's] application as a matter of discretion based upon his apparent circumvention of orderly refugee procedures available abroad." On the facts here, this is not a proper basis upon which to deny asylum.

The Ninth Circuit has recognized that for refugees to forge documents to escape their country of persecution, or get to the United States, is "wholly consistent with [their] claim to be fleeing persecution," and should not be held against them in determining whether they are eligible for asylum. *Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir.1999) ("[W]e recognize that a genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry into the United States."); *see also Paramasamy v. Ashcroft*, 295 F.3d 1047, 1054 (9th Cir.2002) ("[T]he use of false documents for travel is not a proper basis for an adverse credibility determination."). Under Ninth Circuit precedent, Yousif cannot be denied asylum solely because he used false travel documents while fleeing persecution. We therefore reverse the IJ's alternative denial of asylum.

The IJ also found Yousif's asylum application frivolous. Title 8 U.S.C. section 1158(d)(6) provides the consequences for filing a frivolous asylum application:

> If the Attorney General determines that an alien has knowingly made a frivolous application for asylum ..., the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application.

The definition of frivolous in this context comes from a regulation interpreting § 1158(d)(6):

> For purposes of this section, an asylum application is frivolous if any of its material elements is deliberately fabricated. Such finding shall only be made if the

immigration judge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

8 C.F.R. § 208.20. *See also Farah v. Ashcroft*, 348 F.3d 1153, 1154 (9th Cir.2003) ("Our research discloses no case in which we have upheld such a bar, and we agree with petitioner that the IJ's finding was infirm for failure to follow the requirements of th[e] regulation [defining frivolous].").

Here, there is no evidence that Yousif fabricated any of his testimony, much less material testimony. Minor inconsistencies do not support a finding of wilfulness, just as they do not support an adverse credibility finding. Yousif's testimony was credible and there is no evidence that he fabricated it.

## CONCLUSION

We hold that Yousif is eligible for asylum. We reverse the finding that Yousif's asylum application was frivolous. Although it is not part of the record, we are aware of the hostilities in Iraq that have occurred in the years since Yousif filed his asylum application. In exercising his discretion on remand as to whether to grant asylum, the Attorney General may consider changed country conditions. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (where the BIA has not made findings on a particular issue, "the proper course ... is to remand to the agency for additional investigation or explanation") (internal quotation marks omitted); *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 n. 7 (9th Cir.2003) ("[O]ur remand ... cannot[ ] ask the BIA to determine whether changed country conditions have eliminated Hoxha's well-founded fear of future persecu-

tion. *See Avetova–Elisseva [v. INS]*, 213 F.3d [1192], 1198 n. 9 [9th Cir.2000].... We note only that the BIA may wish to consider changed conditions in exercising its discretionary authority.").

PETITION FOR REVIEW GRANTED.